Argued April 9, decided April 16, 1912.

## DRILLING *v.* SMITH.

[122 Pac. 899.]

VENDOR AND PURCHASER—RECORDING.

Under Section 7129, L. O. L., providing that every conveyance, not recorded as provided within five days, shall be void as against a subsequent purchaser for value whose conveyance shall be first duly recorded, the prior recording of a subsequently executed deed will not entitle it to priority, where it excepted from its operation the land conveyed by the prior deed.

From Clatsop: JAMES A. EAKIN, Judge.

This is a suit by Marie Drilling against Starr T. Smith and Blanch Smith, his wife, G. T. Smith and Edna P. Smith, his wife, to quiet title to certain real

property in Clatsop County, Oregon. There was a decree in favor of defendants, and plaintiff appeals. The facts are stated in the opinion.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. C. J. Curtis.*

For respondent there was a brief and an oral argument by *Mr. Frank J. Taylor.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit by Marie Drilling against Starr T. Smith and his wife and G. T. Smith and his wife to quiet the title to real property. The cause, being at issue, was tried, and from the evidence taken findings of fact were made to the effect that prior to and on July 26, 1908, G. T. Smith and Starr T. Smith were the owners in fee and in possession of a part of the Solomon Smith donation land claim in Clatsop County, described as follows:

"Beginning at a point where the west line of the right of way of the Astoria & South Coast Railway intersects the south boundary of that donation; thence west along the claim line to the center of Smith's Lake; thence north, with the center line of that lake, to a point intersected by the south boundary of land conveyed by May H. Smith to Casper Drilling; thence east, along such south boundary, to the west line of the county road; thence northerly, along such limit of the road, to the line dividing the north and the south half of that donation claim; thence east, along that division line, to the west limit of the right of way of the railway; and thence southerly, along the west boundary of such right of way, to the place of beginning."

On July 26, 1908, G. T. Smith gave a receipt acknowledging the payment of $50 on account of the purchase of 24 acres of land, a part of that donation claim, less, however, one acre sold to Victor Bergmon, one acre to Starr Smith, and one acre to May Wallingford, the strip of land sold to the latter to extend from the

county road to the railroad, either on the north or the south end of the premises. The remainder of the purchase price, $2,150, was to be paid when a deed for the land was executed to the plaintiff. At the time this receipt was given the deeds for land sold to Starr T. Smith and May Wallingford had not been executed. G. T. Smith and his wife, on August 2, 1909, for a valuable consideration, executed to the defendant Starr T. Smith a warranty deed for a part of the real property hereinbefore described, to wit:

"Beginning at a point at the southeast corner of that certain tract of land deeded by May H. Smith to Casper Drilling by deed recorded in Book 52, Records of Deeds, for said county, at page 564, said point of commencement being in the west line of the county road; thence southerly 160 feet along the west line of said road; thence westerly, and parallel with the south boundary line of the aforesaid mentioned tract deeded to Casper Drilling, and along the westerly prolongation thereof to the middle thread of Smith's Lake; thence northerly, along said thread of said lake, 160 feet, to the prolongation westerly of the south boundary line of the Drilling tract; thence easterly, along the prolongation westerly of said Drilling tract, and along the south boundary line of said Drilling tract, to the place of beginning, all in the donation land claim of Solomon H. Smith."

This deed was duly recorded December 8, 1909. G. T. Smith and wife, on August 2, 1909, executed to plaintiff a deed in which the premises conveyed were described as follows:

"Beginning at a point on the west line of the Astoria & South Coast Railway Company's road as formerly known, but now called the Astoria & Columbia River Railroad, on the south line of the Solomon Smith donation land claim; thence west, following the south line of said claim, to the middle thread of Smith's Lake; thence north, along the middle thread of Smith's Lake, to the southwest corner of the tract of land deeded this 2d day of August, 1909, by the grantors herein to

Starr T. Smith; thence east, along the south boundary line of Starr T. Smith's tract, to the southeast corner thereof, being in the west line of the county road; thence northerly, along the west line of the county road, to the division line between the north and south halves of the Solomon H. Smith donation land claim, or to the land formerly owned by Marie Abbott; thence east, along said division line, to the railroad aforementioned; thence southerly, along said railroad, to the place of beginning, containing 21 acres, be the same more or less."

This deed was duly recorded August 9, 1909. The court further found that, at the time the deed was executed by G. T. Smith and his wife to Starr T. Smith, the latter had no knowledge of the execution of the receipt of July 26, 1908, hereinbefore referred to; that, when the deed was executed by G. T. Smith and his wife to plaintiff, August 2, 1909, she had knowledge and notice of the prior execution on that day of the deed by her grantors to Starr T. Smith; and that she claims an adverse interest in the whole or a part of the land so conveyed to him. As conclusions of law the court found that Starr T. Smith was the owner in fee and in the possession of the tract of land conveyed to him August 2, 1909; that plaintiff had no right, title, or interest therein, and her claim thereto was without legal right or equity; and that he was entitled to a deed quieting his title to the premises against such claim and enjoining her from asserting any estate therein or thereto. A decree having been rendered in accordance with such findings, the plaintiff appeals.

It is maintained that, as plaintiff's deed was recorded 121 days prior to the time Starr T. Smith's deed was filed for record, she was entitled to the relief sought, in denying which an error was committed. The legal principle thus asserted would be controlling, if the description of the real property in plaintiff's deed conflicted with the boundaries set forth in the conveyance executed

to Starr T. Smith. *Baker* v. *Woodward,* 12 Or. 3, 12 (6 Pac. 173); *Fleschner* v. *Sumpter,* 12 Or. 161, 168 (6 Pac. 506); *McLeod* v. *Lloyd,* 43 Or. 260, 279 (71 Pac. 795: 74 Pac. 491). The statute in force when the deeds were executed reads as follows:

"Every conveyance of real property within this State hereafter made, which shall not be recorded as provided in this title within five days thereafter, shall be void against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded." Section 7129, L. O. L.

It will be remembered that a part of the boundaries of the land set out in plaintiff's deed are as follows:

"Thence north, along the middle thread of Smith's Lake, to the southwest corner of the tract of land deeded this 2d day of August, 1909, by the grantors herein to Starr T. Smith; thence east, along the south boundary line of Starr T. Smith's tract, to the southeast corner thereof, being in the west line of the county road; thence northerly, along the west line of the county road, to the division line between the north and south halves of the Solomon H. Smith donation land claim; * * thence east," etc.

It will thus be noted that the description in plaintiff's deed excepts from the operation of the grant all the real property conveyed to Starr T. Smith. The reference in her deed to the deed executed the same day to him conclusively show that he obtained the prior conveyance, and that she accepted her deed with knowledge of the coincident boundaries set forth in his deed. The quantity of land to which she was entitled was diminished by the area of more than one acre that was granted to Starr T. Smith. The complaint, however, is not based on the ground of either fraud, accident, or mistake, and no reason is assigned why plaintiff accepted

Sig. 14

a deed limiting the grant to her to 21 acres, "be the same more or less."

Believing that the evidence, and findings based thereon, support the conclusions reached by the trial court, it follows that the decree should be affirmed; and it is so ordered.                                                   AFFIRMED.